UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARRYL McGORE,

           Petitioner,                  Case No. 2:12-cv-49

v.                                               Honorable R. Allan Edgar

MICHIGAN PAROLE
BOARD et al.,

           Respondents.
_____/

## **OPINION**

This is a habeas corpus action brought by Darryl McGore, a state prisoner, pursuant to 28 U.S.C. § 2241. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES;[1] *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

---

[1] The Rules Governing § 2254 Cases also may be applied to habeas corpus actions filed under § 2241. *See* Rule 1(b), RULES GOVERNING § 2254 CASES.

**Factual Allegations**

Petitioner is incarcerated at the Baraga Maximum Correctional Facility. He is serving numerous sentences imposed by the Wayne County Circuit Court including two sentences for life with the possibility of parole imposed on January 21, 1977, for the offenses of armed robbery and first-degree criminal sexual conduct. While his Petition provides very little information, Petitioner appears to challenge the denial of his parole by the Michigan Parole Board or the parole board's failure to consider him for parole under the laws applicable to prisoners who are serving parolable life terms. *See* MICH. COMP. LAWS § 791.234. The Court will liberally construe the petition as asserting violations of the Due Process and Ex Post Facto Clauses.

**Discussion**

    A.    *Due Process*

To establish a procedural due process violation, a petitioner must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *see also Swihart v. Wilkinson,* 209 F. App'x 456, 458 (6th Cir. 2006). Petitioner fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-165 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. In a recent published decision, the Sixth Circuit reiterated the continuing validity of *Sweeton*. *See Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011). In *Crump*, the court held that the adoption of specific parole guidelines since *Sweeton* does not lead to the conclusion that parole release is mandated upon reaching a high probability of parole. *See id.*; *see also Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003). In addition, the Sixth Circuit has rejected the argument that the Due Process Clause is implicated when changes to parole procedures and practices have resulted in incarcerations that exceed the subjective expectation of the sentencing judge. *See Foster v. Booker*, 595 F.3d 353, 369 (6th Cir. 2010). Finally, the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Petitioner, therefore, has no reasonable expectation of liberty. The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11. Consequently, the Michigan Parole Board's failure or refusal to consider Petitioner for parole implicates no federal right. In the absence of a liberty interest, Petitioner fails to state a claim for a violation of his procedural due process rights.

    B.    *Ex Post Facto*

The Ex Post Facto Clause is "aimed at laws that 'retroactively alter the definition of crimes or increase the punishment for criminal acts.'" *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 504 (1995) (citations omitted). When an inmate challenges an allegedly ex post facto parole law, this court "must examine the relevant law in effect at the time [the inmate's] offense was committed

and compare it with the retroactively-applied version of the law." *Shabazz v. Gabry*, 123 F.3d 909, 912 (6th Cir. 1997). The "focus of the ex post facto inquiry is not on whether a legislative change produces some ambiguous sort of 'disadvantage,' . . . but on whether [the] change . . . increases the penalty by which a crime is punishable." *Morales*, 514 U.S. at 506 n. 3. Where a legislative change is argued to increase the risk of affecting a prisoner's punishment, the Supreme Court has made clear that the appropriate inquiry is whether the retroactively-applied version of the parole law "produces a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Id*. at 509. When the retroactively-applied version of the law "does not by its own terms show a significant risk" of increased punishment, the inmate bringing the ex post facto challenge "must demonstrate, by evidence drawn from the [law]'s practical implementation by the agency charged with exercising discretion, that [the law's] retroactive application will result in a longer period of incarceration than under the earlier" version of the law. *Garner v. Jones*, 529 U.S. 244, 255 (2000).

In *Foster v. Brooks*, 595 F.3d 353 (6th Cir. 2010), the Sixth Circuit considered an ex post facto claim brought by prisoners sentenced to life imprisonment with the possibility of parole for offenses committed before October 1, 1992, challenging the Michigan Parole Board's application of post-1992 changes to Michigan's parole laws to the plaintiffs' parole review. The court concluded that, to the extent that the plaintiffs faced a risk of increased punishment under the post-1992 parole laws as compared to the laws in effect when they committed their offenses, changes to the parole laws were not the cause of the increase. *Id.* at 355-56. Rather, the court attributed the parole board's low rates of parole to the legitimate exercise of discretion in granting fewer paroles. *Id.* at 356. The court further held that even if the changes in the number of paroles did not result from a stricter exercise of discretion, it was not clear that the plaintiffs had shown a sufficient risk of increased

punishment to prevail on their ex post facto claim. *Id*. Petitioner, therefore, fails to state an ex post facto claim arising from changes to parole procedures for prisoners sentenced to parolable life terms.

        C.     *Motions*

Petitioner has filed several motions, including a motion to amend to add a civil rights claim under 42 U.S.C. § 1983 (docket #4), motion for default judgment (docket #11), motion for summary judgment (docket #15) and motion for writ of mandamus (docket #17).

In his motion to amend, Petitioner seeks to bring a civil rights claim under 42 U.S.C. § 1983. Petitioner's motion appears to be an attempt to circumvent the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Under that statute, a prisoner who has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim is barred from proceeding *in forma pauperis* in future civil rights actions. Petitioner, who has filed over forty civil actions in this Court, has three strikes. Consequently, he may not proceed *in forma pauperis* in a civil rights action and must pay the $350.00 filing fee. The Court will not allow Plaintiff to avoid the three strikes provision by amending this action to include a civil rights claim. Moreover, a challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973). Even if Petitioner could raise his claims in the context of a civil rights action, this Court's determination of the constitutional claims would be the same. Consequently, an amendment to assert violations under § 1983 would be futile.

Because the Court is dismissing Petitioner's action for failure to raise a meritorious federal claim, his remaining motions will be denied as moot.

**Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

In addition, Petitioner's motion to amend (docket #4), motion for default judgment (docket #11), motion for summary judgment (docket #15) and motion for writ of mandamus (docket #17) will be denied.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:     3/28/2012            */s/ R. Allan Edgar*
                                                 R. Allan Edgar
                                                 United States District Judge